**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

THOMAS E. BOWLES, III,

                              Plaintiff,

      v.                                          No. 1:16-CV-259
                                                                (LEK/CFH)

MARTY SHARPE, and JON WALRATH,

                              Defendants.

---

**APPEARANCES:**                         **OF COUNSEL:**

Thomas E. Bowles, III
30 Eberle Road
Latham, New York 12110
Plaintiff <u>Pro Se</u>

**CHRISTIAN F. HUMMEL,
U.S. Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

     The Clerk has sent to the Court a complaint, together with an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"), filed by plaintiff Thomas E. Bowles, III. Dkt. Nos. 1 ("Compl."), 2. Plaintiff has not paid this Court's filing fee.

### I. IFP

     Turning to plaintiff's IFP application, after reviewing the information provided therein, the Court finds that plaintiff may properly proceed with this matter IFP.[1]

---

[1] Although IFP has been granted, plaintiff may be responsible for other Court costs, such as copying fees.

## II. Initial Review

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, <u>inter alia</u>, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of <u>res judicata</u> is applicable." <u>Flores v. Graphtex</u>, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

2

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-harmed-me accusation." Id. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on

3

its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

Here, plaintiff has clearly failed to comply with the requirements set forth in Rule 10. FED. R. CIV. P. 10. His complaint is two pages in length, is not numbered, is very difficult to read, and includes very minimal factual information. Id. More significant, however, is the complaint's failure to comply with requirements of Rule 8 – demonstrating this Court's jurisdiction. FED. R. CIV. P. 8(a)(1). "It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equip. & Erec. Co. v. Kroger, 437 U.S. 365, 374 (1978). A court may properly dismiss a case for lack of subject matter jurisdiction where it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Subject matter jurisdiction may be based either on federal question or the complete diversity of citizenship of the parties. 28 U.S.C. §§ 1331, 1332. Federal jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Greenberg v. Bear, Sterns & Co., 220 F.3d 22, 25 (2d Cir. 2000) (internal quotation marks omitted).

First, plaintiff has not demonstrated the existence of diversity jurisdiction. For diversity jurisdiction to be present, the matter in controversy must exceed $75,000 *and* the dispute must be between: (1) "citizens of different States"; (2) "citizens of a State

4

and citizens or subjects of a foreign State"; (3) "citizens of different states and in which citizens or subjects of a foreign state are additional parties"; or (4) "a foreign state . . . as plaintiff and citizens of a state or of different states." 28 U.S.C. § 1332(a). Plaintiff has provided that the amount in controversy is $2,000. See Compl. at 2. Thus, plaintiff has not met the amount in controversy requirement. Further, plaintiff has not demonstrated diversity of citizenship. Plaintiff is a resident of Latham, New York, which is within the Northern District of New York. Thus, plaintiff must demonstrate that all defendants are residents of states *other than* New York in order to demonstrate complete diversity of citizenship. Plaintiff has not demonstrated whether defendants Sharpe or Walrath are citizens of states other than New York. 28 U.S.C. § 1332(a). Although the complaint contains a suggestion that plaintiff, at some point, reported the incident underlying the complaint to police in Northbrook, Illinois, this does not demonstrate that either defendant is an Illinois domiciliary. Thus, plaintiff has failed to demonstrate subject matter jurisdiction. Where a party has not demonstrated that federal question nor diversity of citizenship subject matter jurisdiction exists, the matter must be dismissed. Durant, Nichols, Hodgson, & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).

Plaintiff has also failed to demonstrate federal question jurisdiction. 28 U.S.C. § 1331 confers onto federal courts subject matter jurisdiction over all federal questions, or "all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends

5

on a resolution of a substantial question of federal law." Greenberg, 220 F.3d at 25 (internal quotation marks omitted). Plaintiff's complaint, in sum and substance, argues that he gave a painting to defendant Sharpe to auction, and that Sharpe provided the painting to defendant Walrath, who sold the painting without plaintiff's authorization and that both defendants have failed to provide him with the $2,000 proceeds of the sale. See Compl. It appears the complaint sets forth a state common law claim, sounding in breach of contract and possibly conversion of his personal property.

The undersigned is cognizant of the fact that plaintiff is proceeding pro se, and that pro se plaintiffs are not held to the standard of lawyers. However, even if plaintiff were to amend his complaint to provide the domicile of defendants were outside of the State of New York, it does not appear that he can demonstrate that the amount in controversy will exceed $75,000, as he has already indicated the amount to be $2,000. Thus, it appears that plaintiff can only proceed if he can demonstrate, in an amended complaint, the existence of a federal question.[2] Although there does not appear, from the undersigned's initial review, the involvement of any federal law, due to plaintiff's pro se status, it is recommended that the complaint be dismissed, without prejudice, and with opportunity to amend so that plaintiff may attempt to submit a complaint demonstrating this Court's jurisdiction over his action. Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least

---

[2] The undersigned notes that supplemental jurisdiction pursuant to 28 U.S.C. § 1367 does not here provide any basis for maintaining jurisdiction over plaintiff's apparent state law claims. Supplemental jurisdiction requires that the anchoring federal claim and the pendent state-law claims "form part of the same case or controversy." 28 U.S.C. § 1367. In other words, the claims must "derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). Here, as there appears to be no federal claims, there is no supplemental jurisdiction.

once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991); see also FED. R. CIV. P. 15(a) ( "The court should freely give leave when justice so requires.").

III. **Conclusion**

**WHEREFORE**, for the matters stated herein, it is hereby

**RECOMMENDED** that plaintiff's motion to proceed in forma pauperis (Dkt. No. 2) be **GRANTED**; and it is further

**RECOMMENDED** that the complaint (Dkt. No. 1) complaint be **DISMISSED** without prejudice and with opportunity to amend as set forth herein; and it is

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff pro se in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: March 10, 2015
      Albany, New York

*[signature]*
Christian F. Hummel
U.S. Magistrate Judge