UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THOMAS E. BOWLES, III,

                Plaintiff,

-against-                                            1:16-cv-0259 (LEK/CFH)

MARTY SHAPE, *et al.*,

                Defendants.

## ORDER

This matter comes before the Court following a Report-Recommendation filed on March 10, 2016, by the Honorable Christian F. Hummel, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 4 ("Report-Recommendation"). In the Report-Recommendation, Judge Hummel recommended that Plaintiff's Motion to proceed *in forma pauperis* be granted and that the Complaint be dismissed without prejudice and with an opportunity to amend. Id. Plaintiff was granted a thirty-day extension of time to file objections, which he timely filed on March 28, 2016. Dkt. Nos. 5; 6; 10 ("Objections").

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL

3809920, at \*2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

Judge Hummel recommended that Plaintiff's Complaint be dismissed without prejudice based on Plaintiff's failure to comply with the basic requirements of Federal Rule of Civil Procedure 10. Rep.-Rec. at 4. Judge Hummel found that the Complaint was only two pages in length, not numbered, was difficult to read, and included minimal factual information. Id.; see also Dkt. No. 1 ("Complaint").

Judge Hummel further found that the Complaint did not comply with Federal Rule of Civil Procedure 8 because it was not clear on the face of the Complaint whether the Court had subject matter jurisdiction. Id. Judge Hummel found that Plaintiff failed to show that diversity jurisdiction was satisfied because the amount in controversy of $2,000.00 was less than the threshold requirement of $75,000.00 and because Plaintiff had not demonstrated that Defendants Shape and Walrath were citizens of states other than New York. Id. at 5. The Court further found that Plaintiff had not pleaded that federal question jurisdiction was appropriate because the Complaint stated only a state common law claim, sounding in breach of contract and conversion of personal property. Id. at 6.

In his Objections, Plaintiff attaches the result of a Freedom of Information Act ("FOIA") request he made with the Village of Northbrook in Northbrook, Illinois. Objs. Plaintiff also filed a Letter Motion indicating that Defendants Shape and Walrath are residents of Illinois. Dkt. No. 8.

2

Plaintiff's Objections do not address specific aspects of Judge Hummel's decision. Rather, Plaintiff contends that the results of the FOIA request show "that both these defendants are responsible for my Johnny Bench the Catcher painting worth $2,000 being sold without any compensation." Id. at 1. The Court finds that even after considering the attachments to Plaintiff's Objections, Plaintiff has failed to show that the amount in controversy requirement is satisfied for diversity jurisdiction, or that he has stated a claim under federal law. Accordingly, the Court finds that Judge Hummel properly determined that Plaintiff's Complaint failed to meet Rule 10's requirement demonstrating that the Court has jurisdiction over this action.

The Court further finds that Plaintiff's additional Letters to the Court, Dkt. Nos. 9 and 11, should have been incorporated with his Objections. However, in light of Plaintiff's *pro se* status, the Court has considered the arguments set forth in these Letters and still finds that Plaintiff has failed to correct the jurisdictional defects identified in the Complaint. The Report-Recommendation is therefore approved and adopted in its entirety.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 2) to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he is instructed to file an amended complaint **within thirty (30) days** which demonstrates that the Court has subject matter

jurisdiction over this action. If Plaintiff fails to file an amended complaint **within thirty (30) days**, the Clerk of the Court is instructed to close this action without further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    April 21, 2016
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge